David Rabin, Esq. Informal Opinion Village Attorney No. 97-14 Village of Tannersville 120 Lafayette Street, 2nd Floor New York, N Y 10013-3129
Dear Mr. Rabin:
You have asked whether the village court clerk may accept employment with the New York State Probation Department as a probation officer when her duties will require her to work with probationers in the vicinity of the village. You have also inquired whether the village court clerk must have daily regular office hours during which he or she is available for inquiries regarding court matters.
With regard to your first inquiry, we are aware of no constitutional or statutory provision that bars one person from serving as village court clerk and a probation officer. In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office is People ex rel. Ryan v. Green, 58 N.Y. 295
(1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
In several prior opinions, we concluded that the office of probation officer is not compatible with positions where the potential for conflict creates an appearance of impropriety. In Op Atty Gen (Inf) No. 91-61, we concluded that the offices of probation officer and police officer are incompatible. We noted that the probation officer has a duty to make impartial reports to assist the sentencing court and that this function could be compromised if the officer also served as a police officer. In Op Atty Gen (Inf) No. 89-27, we concluded that a probation officer may not be employed by the district attorney to perform the duties of coroner. Again, we noted that a probation officer should serve as a disinterested third party in preparing objective reports for the court. A link between the probation officer and the district attorney raised a potential conflict that, in our view, created the appearance of impropriety. Accordingly, we found the positions incompatible.
Similarly, in a prior opinion we concluded that one person could not simultaneously serve as a secretary in a county probation department and as a town justice because the positions are incompatible. There we noted that the duties of the two positions could conflict because the probation department regularly reports to the court on the progress of probationers and has regular contact with the judicial branch. We reasoned that the potential for such reports to include criticism of particular justices, or for particular justices to be critical of probation officials made the positions incompatible.
While none of these prior opinions covers the precise question you ask, in our view the same rationale applies to the situation you present. The objectivity required of a probation officer could be adversely affected by the officer's employment as village court clerk. The village court clerk is employed and supervised by the village justice. This link could adversely affect the objectivity of reports submitted by the probation officer to the village court or other courts. In any event, the potential for conflict creates an appearance of impropriety which undermines public confidence in the integrity of government.
As to your second inquiry regarding the office hours of the village court clerk, the Uniform Justice Court Act does not prescribe specific hours of operation for the court clerks' offices. It does provide, however, that in criminal matters the records and dockets of the court must be open to public inspection at reasonable times. Uniform Justice Court Act §2019-a. The Act also requires the small claims part of the court to be open at least one evening per month unless the Chief Administrator of the Courts grants an exemption. Id., § 1802.
The Uniform Civil Rules for the justice courts regulate the places and hours for holding court. The Rules state that each court shall establish the days and times when it shall be in session, subject to modification by the Chief Administrator, and provide for publication of the schedule. 22 NYCRR § 214.2(b). The same rule provides that the clerk's office "shall be open at
3
hours established by each court, subject to the further order of the Chief Administrator".
We conclude that the village court clerk may not also serve as a probation officer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General